12761

DURHAM v. PIEDMONT CREDIT & ADJUSTMENT BUREAU

(150 S. E., 351)

*Messrs. Nettles & Oxner,* for appellant.

*Messrs. Mann & Plyler,* for respondent,

November 12, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a law case, tried before his Honor, County Judge Ansel, and a jury, for the recovery of money paid by the plaintiff to the defendant under an alleged misrepresentation by the defendant and others interested in the affairs of a partnership of which the deceased husband of the plaintiff was a member, and of a corporation in which he was an officer and stockholder.

At the time of the death of the husband both the partnership and the corporation were insolvent. The widow had received $6,500, the proceeds of insurance policies upon the life of the husband in which she was named as beneficiary, and out of it paid $1,500 to the defendant who represented the creditors of both concerns.

The receipt and release given to the plaintiff at the time she paid the money was as follows:

"Greenville, S. C., Sept. 2, 1926.

"Received of Mrs. A. N. Durham Fifteen Hundred ($1,500.00) Dollars paid out of her personal insurance as a donation toward settling the debts of Durham Hudgens. Co. in full, if possible, or as near as assets will permit us to do so. This fully releases the said Mrs. A. N. Durham in full for any liabilities of Durham Hudgens Company at present, or any that may be incurred in the future.

"For creditors. (Signed) Durham Hudgens Co., by W. K. Hudgens, Pres. The Piedmont Credit & Adjustment Bureau, by R. B. Wright, Sec'y-Treas."

The theory of the complaint is that the money was paid by the plaintiff, to be applied to the debts of the corporation,

upon the inducement of the parties interested and upon their representation that there was a legal or at the least a moral obligation upon her to take care of a part at least of the debts of the corporation out of the insurance money which she had collected.

The theory of the defense was that it was paid to be applied to the debts of the partnership of which her husband was a member and liable personally for, and that no misrepresentations were made by any one as an inducement to the payment; that she was an heir at law of her husband and interested in settling his debts.

There was of course no obligation, legal or moral, upon the plaintiff to provide for the payment of any part of the debts of the corporation, and none upon the estate of her husband.

It appears to have been an issue whether the money was paid to be applied to the debts of the partnership or to the debts of the corporation, or to both. The receipt and release clearly point to the payment having been made to be applied to the debts of the corporation, and there is other testimony tending to establish that fact. The plaintiff had of course the right to make the payment for that purpose, and, if she had voluntarily done so, without fraud or misrepresentation, she could not recover it. But there is evidence tending to show that she was misled by the insistence and representations of the parties interested to believe, what was not a fact, that she was under an obligation to do so. This was denied by the defendant and others interested; it became nevertheless an issue for the jury which has solved it in favor of the plaintiff. This Court is powerless under those circumstances to review their conclusions, except upon some prejudicial error in the conduct of the trial. The exceptions suggesting such error have been carefully considered and are deemed without merit sufficient to call for a reversal of the judgment. A review

of the evidence will serve no useful purpose and will not be undertaken.

The judgment of this Court is that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and ASSOCIATE JUSTICES BLEASE, STABLER, and CARTER, concur.